UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH L. WILLIAMS,

    Petitioner,

v.                                            Case No. 3:15-cv-678-J-32JBT

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.
_____

## ORDER

### I. Status

Petitioner, an inmate of the Florida penal system, initiated this case by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1) (Petition). He challenges a 2013 judgment of conviction (Suwannee County) for robbery while masked and fleeing a police officer in a high speed pursuit. He was sentenced to serve a total of 30 years in prison. Respondents filed an Answer (Doc. 13) (Answer) with exhibits (Docs. 13-1 through 13-3) (Ex.). Petitioner filed a Reply (Doc. 20) (Reply) and Supplemental Memoranda (Docs. 21, 23). This case is ripe for review.[1]

---

[1] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court, and "further factual development" is not necessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

## II. Governing Legal Principles

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal habeas corpus petition. See Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), cert. denied, 137 S. Ct. 1432 (2017). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 565 U.S. 34, 38 (2011)).

The first task of the federal habeas court is to identify the last state court decision, if any, that adjudicated the petitioner's claims on the merits. See Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). The state court need not issue an opinion explaining its rationale in order for the state court's decision to qualify as an adjudication on the merits. See Harrington v. Richter, 562 U.S. 86, 100 (2011). Where the state court's adjudication on the merits is unaccompanied by an explanation,

> the federal court should "look through" the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning. But the State may rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision, such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed.

Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018).

When a state court has adjudicated a petitioner's claims on the merits, a federal court cannot grant habeas relief unless the state court's adjudication of the claim was "contrary

2

to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2). A state court's factual findings are "presumed to be correct" unless rebutted "by clear and convincing evidence." Id. § 2254(e)(1).

> AEDPA "imposes a highly deferential standard for evaluating state court rulings" and "demands that state-court decisions be given the benefit of the doubt." Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id. [at 102] (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253-54 (11th Cir. 2013) (internal citations modified).

**B. Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." Yarborough v. Gentry, 540

U.S. 1, 5 (2003) (per curiam) (citing Wiggins v. Smith, 539 U.S. 510, 521 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984)).

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland,] 466 U.S. at 688. A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. Id. at 689. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.[]
>
> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

Richter, 562 U.S. at 104; Marshall, 828 F.3d at 1284 (recognizing that to proceed on a claim of ineffective assistance of trial counsel, "the petitioner has to show both that his counsel's performance was deficient and that that deficient performance was prejudicial—that is, that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting Strickland, 466 U.S. at 687, 694)). Since both prongs of the two-part Strickland "test must be satisfied to show a Sixth Amendment violation, a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)).

The Strickland test also applies to challenges to guilty pleas. "'[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial.'" Stano v. Dugger, 921 F.2d 1125, 1151 (11th Cir. 1991) (quoting Wofford v. Wainwright, 748 F.2d 1505, 1508 (11th Cir.1984) (per curiam)). "An attorney's responsibility is to investigate and to evaluate his client's options in the course of the subject legal proceedings and then to advise the client as to the merits of each." Id. The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, . . . to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1218 (11th Cir. 2015).

"'The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.'" Marshall, 828 F.3d at 1285 (quoting Overstreet v. Warden, 811 F.3d 1283, 1287 (11th Cir. 2016)).

> "The question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether that determination was unreasonable - a substantially higher threshold." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) (quotation marks omitted). If there is "any reasonable argument that counsel satisfied Strickland's deferential standard," then a federal court may not disturb a state-court decision denying the claim. Richter, 562 U.S. at 86.

Hittson v. GDCP Warden, 759 F.3d 1210, 1248 (11th Cir. 2014); see Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).

### III. Analysis

Petitioner raises three grounds in his Petition. In his Reply, he states that Respondents did not address all of his grounds. See Reply at 10. While Petitioner raised six grounds in his state court postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, he only raised three grounds in the Petition. Compare Ex. H at 1-29, with Petition at 4-16. Respondents answered all three grounds raised in this case. See Answer at 12-25. Petitioner may not raise additional grounds in his Reply or rely on his state court filings without addressing the claims in his Petition. Thus, the Court only addresses the claims raised in the Petition.

**A. Ground One**

Petitioner argues that his counsel was ineffective for failing to file a motion to withdraw his plea after Petitioner requested that he do so. See Petition at 4-7. Petitioner raised this claim in his Rule 3.850 motion. See Ex. H at 6-8. The circuit court denied the claim, finding it to be refuted by the record, and specifically explained its reasoning for finding counsel was not deficient. See id. at 66-68. Petitioner appealed, the State filed a brief addressing only this ground, see Ex. L,[1] and the First District Court of Appeal (DCA) per curiam affirmed the denial of postconviction relief without issuing a written opinion. See Ex. M.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an

---

[1] The First District Court of Appeal directed the State to file a response to only this ground. See Ex. K.

6

unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to relief on Ground One.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. Petitioner has shown neither deficient performance nor resulting prejudice. Ground One is denied.

**B. Ground Two**

Petitioner argues that his plea was involuntary because his counsel misadvised him regarding the sentence he could receive. See Petition at 9-11. He states that had he known he could not be sentenced as habitual felony offender, he would have proceeded to trial. See id. at 9. Petitioner raised this claim in his Rule 3.850 motion. See Ex. H at 9-10. The circuit court denied the claim, finding it to be refuted by the record. See id. at 68-69. Petitioner appealed, and the First DCA per curiam affirmed the denial of postconviction relief without issuing a written opinion. See Ex. M.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to relief on Ground Two.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. Petitioner has not shown either deficient performance or resulting prejudice. Neither has he shown that his plea was involuntary. Ground Two is denied.

7

### C. Ground Three

Petitioner claims that his counsel was ineffective for failing to object to the application of the reclassification statute and failing to advise him that a jury would have to determine whether reclassification was warranted. See Petition at 11-16. He further argues that the reclassification of his charge subjected him to cruel and unusual punishment, because the facts show that the wig he was wearing during the robbery did not conceal his identity. See id. In his supplemental memorandum, Petitioner urges this Court to find the reclassification statute "impermissibly and unconstitutionally vague." Doc. 23 at 5. Petitioner raised this claim in his Rule 3.850 motion. See Ex. H at 15-21. The circuit court denied the claim, finding it to be "without merit as the [Petitioner] voluntarily pled to a factual basis that supported application of the reclassification statute and knowingly waived his right to a jury trial." Id. at 71. Petitioner appealed, and the First DCA per curiam affirmed the denial of postconviction relief without issuing a written opinion. See Ex. M.

Upon review of the record, this Court concludes that the state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Petitioner is not entitled to relief on Ground Three.

Even assuming the state court's adjudication of this claim is not entitled to deference, the claim is without merit. "[T]he representations of the defendant . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). "Courts

should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Rather, courts should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process." Stano, 921 F.2d at 1141. "'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" Id. (quoting Frank v. Blackburn, 646 F.2d 873, 882 (5th Cir. 1980)).

Considering the record, Petitioner is not entitled to federal habeas relief.[2] He has shown neither deficient performance nor resulting prejudice. Additionally, insofar as Petitioner claims that the postconviction court erred in not specifically addressing his assertions, such a claim is not appropriate on federal habeas review. See Carroll v. Sec'y, DOC, 574 F.3d 1354, 1365 (11th Cir. 2009); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Ground Three is denied.

Accordingly, it is

**ORDERED**:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

---

[2] "'[T]he [reclassification] statute is aimed at criminals who employ devices either to make witnesses' identifications of them difficult or to otherwise facilitate the commission of a crime. This may include covering up one's face; or altering one's appearance by disguise or costume.'" Clark v. State, 234 So. 3d 809, 813 (Fla. 4th DCA 2018) (quoting Fletcher v. State, 472 So. 2d 537, 540 (Fla. 5th DCA 1985)). "[T]he factfinder simply considers the totality of the evidence to determine whether the person personally wore a hood, mask, or other device to conceal their identity." L.D.H. v. State, 212 So. 3d 387, 390 (Fla. 4th DCA 2017).

2. The Clerk shall enter judgment denying the Petition and dismissing this case with prejudice. The Clerk shall thereafter close the file.

3. If Petitioner appeals, the Court denies a certificate of appealability.[3] The Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, this 29th day of May, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 5/25
c:
Joseph L. Williams, #904871
Counsel of Record

---

[3] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (quoting Slack, 529 U.S. at 484). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack, 529 U.S. at 484. However, "[w]hen the district court denies a habeas petition on procedural grounds . . . a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.